**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 11-cv-02608-CMA-KMT

PAULA FLEMING,

    Plaintiff,

v.

USAA CASUALTY INSURANCE COMPANY,

    Defendant.

**ORDER DENYING MOTION TO REMAND TO STATE COURT**

This matter is before the Court on Plaintiff's Motion to Remand (Doc. # 10). Plaintiff Paula Fleming ("Fleming") asserts that the amount-in-controversy requirement for diversity jurisdiction has not been met. For the reasons set forth below, the Court disagrees and, accordingly, denies the Motion.

## I. BACKGROUND

Fleming filed a Complaint in Colorado state court on September 6, 2011, seeking recovery of underinsured motorist benefits pursuant to an automobile insurance policy that was issued to her by Defendant USAA Casualty Insurance Company ("USAA"). (Doc. ## 1, 10.)  On October 5, 2011, USAA timely filed a Notice of Removal, asserting diversity jurisdiction under 28 U.S.C. § 1332. (Doc. # 1.)  Fleming filed the instant Motion to Remand on November 3, 2011. (Doc. # 10.)  USAA responded on November 22, 2011 (Doc. # 12), and Fleming replied on December 6, 2011 (Doc. # 17).

## II. ANALYSIS

A defendant may remove a state civil action "to the district court of the United States for the district and division embracing the place where such action is pending," when the federal district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). District courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a).

The party invoking federal jurisdiction bears the burden of proving that such jurisdiction exists. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). Thus, when a defendant removes a case from state court asserting diversity jurisdiction, it must establish that the jurisdictional requirements of 28 U.S.C. § 1332 have been met. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). Regarding the amount-in-controversy requirement, "[w]here a plaintiff has not instituted suit in federal court, '[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court . . . .'" *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938)). Ordinarily, the amount in controversy is "determined by the allegations of the complaint . . . ." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). However, when a plaintiff's alleged damages are not specified in the complaint, as in this case, a removing defendant must establish the

jurisdictional amount by a preponderance of the evidence. See Martin, 251 F.3d at 1290.

To meet the preponderance of the evidence standard, a defendant can rely on evidence such as interrogatories obtained in state court before removal was filed, affidavits to support the assertion that the claimed damages exceed $75,000, or proposed settlement offers. See McPhail v. Deere & Co., 529 F.3d 947, 954 (10th Cir. 2008); see also Tafoya v. Am. Family Mut. Ins. Co., No. 08-cv-01656, 2009 WL 211661, at *2 (D. Colo. Jan. 28, 2009) (unpublished) (stating that "conclusory assertions or outright speculation" as to the amount in controversy "will not suffice"). Regarding the latter type of evidence, the Tenth Circuit has recognized that "a plaintiff's proposed settlement amount 'is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.'" McPhail, 529 F.3d at 956 (quoting Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002)). Although settlement offers cannot be used to determine the **amount of liability**, proposed settlement offers demonstrate the plaintiff's own estimation of its claim and, thus, shed light on the **amount in controversy**. Id.

In the instant case, Fleming asserts that the amount in controversy has not been established. (Doc. # 10.) USAA disagrees, stating that: (1) for Fleming's insurance policy, the "limits for underinsured motorist bodily injury are $100,000 per person and $200,000 per accident"; (2) Fleming "submitted a $100,000 settlement demand to USAA"; and (3) Fleming "represents in her Civil Cover Sheet that she is seeking

damages in excess of $100,000, exclusive of interests and costs." (Doc. # 1, ¶¶ 6-9.) Even though each of these facts alone may not establish the amount in controversy, the Court concludes that they do so when considered in combination with each other.

In support of its position, USAA included Fleming's February 22, 2011 letter to USAA, which demanded $100,000 to settle her claims. (Doc. # 1-5.) The Court finds that Fleming's proposed settlement letter is relevant evidence of the amount in controversy, as it reflects her own estimation of the value of her claim. *See McPhail*, 529 F.3d at 956; *Valdez v. Byers*, No. 09-cv-00764, 2009 WL 1440090, at *2 (D. Colo. May 20, 2009) ("as the *McPhail* case and the plain language of Rule 408 make clear, settlement demands are admissible and relevant when determining the jurisdictional amount in controversy"). Further, that estimation appears reasonable, given the policy limits referenced by USAA.

USAA also relies in part on Fleming's Civil Cover Sheet. (Doc. # 12 at 2-3.) Fleming argues that reliance on the "Civil Cover Sheet does not affirmatively establish the amount in controversy." (Doc. # 17 at 3.) The Court agrees that citation to just the Civil Cover Sheet is not dispositive. *Valdez*, 2009 WL 1440090, at *2; *see also Tafoya*, 2009 WL 211661, at *2 (holding that "allegations in a plaintiff's Civil Cover Sheet are insufficient, in the absence of otherwise sufficient factual showings, to satisfy the amount in controversy requirement"). However, as did the defendant in *Valdez*, USAA provided an additional piece of probative evidence regarding the amount in controversy – *i.e.*, the settlement demand letter, as already discussed. *Id*.; *see also*

*Baker v. Sears Holdings Co.*, 557 F. Supp. 2d 1208, 1215 (D. Colo. 2007) (concluding that "reliance **solely** on the Civil Cover Sheet as a demonstration of the amount in controversy is not permissible") (emphasis added).  Because USAA is not relying "solely" on the Civil Cover Sheet, the Court may, and in fact does, consider it in determining the amount in controversy.  *See Valdez*, 2009 WL 1440090, at *2.

### III. CONCLUSION

Based on the foregoing analysis, the Court finds that USAA has established by a preponderance of the evidence that the amount in controversy requirement is satisfied for diversity jurisdiction.  Accordingly, it is ORDERED that Plaintiff's Motion to Remand (Doc. # 10) to the District Court for the County of El Paso is DENIED.

DATED:  February __29__, 2012

BY THE COURT:

*/s/ Christine M. Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge